IN THE UNITED STATES BANKRUPTCY COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

IN RE: ELITE EMERGENCY SERVICES, LLC  :  CHAPTER 7
:
Debtor                   :
:  Bank. No. 24-14370-AMC

APPLICATION OF ROBERT H. HOLBER, CHAPTER 7 TRUSTEE, TO EMPLOY BARRY S. SLOSBERG, INC. AS AUCTIONEER
AND AUTHORIZE AUCTION OF DEBTOR'S 2014 FORD ECONOLINE
& 2014 FORD TRANSIT VAN

AND NOW, comes Robert H. Holber, Chapter 7 Trustee (the "Trustee") for the above mentioned Debtor (the "Debtor") and hereby files this Chapter 7 Trustee's Application To Employ Barry S. Slosberg, Inc. As Auctioneer ("BSS") And Authorize Auction Of Debtor's 2014 Ford Econoline and 2014 Ford Transit Van, pursuant 11 U.S.C. Section 327(a) and Fed. R.Bankr.P. 2014 (the "Application"), and in support thereof, and avers as follows:

JURISDICTION AND VENUE

1. The Court has jurisdiction over this Application pursuant to 28 U.S.C. Sections 157 and 1334. This mater is a core proceeding pursuant to 28 U.S.C. Section 157(b)(2)(A).

2. Venue of this proceeding and this Application is proper in this district pursuant to 28 U.S.C. Sections 1408 and 14009.

3. The statutory predicates for the relief sought herein are 11 U.S.C. sections 327 and 328 and Fed.R.Bankr.P.2014.

BACKGROUND

4. On December 6, 2024 (the "Petition Date"), the Debtor filed for protection under Chapter 7 of the Bankruptcy Code.

5. On December 9, 2024 the Trustee was appointed and is so

acting.

6. Assets of the Debtor's estate include, but are not limited, the following property (collectively, the "Property"): 2014 Ford Econoline and 2014 Ford Transit Van.

7. The Trustee wishes to employ BSS as auctioneer to auction the Property for the befit of the Debtor's bankruptcy estate.

8. Upon information and belief, the Property is not encumbered by any lien or security interest.

9. The Trustee requires assistance in selling the Property. The Trustee believes it is most cost-effective, efficient and in the best interest of the estate to employ professionals who possess specific skills and extensive experience and knowledge in this field. The Trustee believes that BSS has the necessary experience and methods to expeditiously sell the Property.

10. Accordingly, the Trustee seeks to employ BSS to assist him with the sale of the Property so that these assets may be administered in the most cost-effective manner with the maximum benefit for the Debtor's estate.

11. BSS will charge the buyers a twenty percent (20%) buyer's premium (the "Premium").

12. At this point in time, the auction will be conducted live at 3455 Edgemont Street, Philadelphia, PA 19134.

13. As compensation for providing the auction services, BSS shall receive a commission of ten percent (10%) of the gross sale proceeds, including the Premium (collectively, the "<u>Gross Sale Proceeds</u>"), plus reasonable expenses relating to the actual cost of labor, advertising and potential storage gees. These expenses will be

capped at Two Thousand Dollars ($2,000.00).

14. Any and all compensation to be paid to BSS for services rendered and costs incurred on the Trustee's behalf shall be fixed by application to this Court pursuant to the applicable provisions of the Bankruptcy Code, the Federal and Local Rules of Bankruptcy Procedure, and such Orders as this Court may direct, with notice to parties in interest.

15. To the best of the Trustee's knowledge, BSS has no connection with the Debtor, creditors or any other parties in interest, their respective attorneys or accountants pursuant to Fed. R.Bankr.P.2014 as evidenced by the Verified Statement of Alan B. Le Coff attached hereto as Exhibit "A" and made a part hereof. Verification of BSS's bond is attached hereto as Exhibit "B" and made a part hereof.

16. The Trustee believes that there is value in the Assets, which could be recovered for the benefit of the Estate. The best estimate of the Trustee, as what percentage of unsecured creditors of the Debtor will receive, equals twenty percent (20%).

## RELIEF REQUESTED

17. By this Application, the Trustee requests that the Court enter an Order authorizing him to employ BSS as auctioneer to conduct an auction to sell the Property pursuant to 11 U.S.C. Sections 327 and 328 and Fed.R.Bankr.P.2014.

18. BSS has not entered into any agreement to share such compensation as it may be awarded herein except as permitted under 11 U.S.C. Section 504(b).

19. Section 327(a) of the Bankruptcy Code provides, in relevant parts, as follows:

> Except as otherwise provided in this section, the trustee, with the court's approval, may employ one or more attorneys, accountants, appraisers, auctioneers, or other professional persons, that do not hold or represent an interest adverse to the estate, and that are disinterested persons, to represent or assist the trustee in carrying out the trustee's duties under this title.

20. Bankruptcy Rule 2014(a) provides, in relevant part, as follows:

> An order approving the employment of attorneys, accountants, appraisers, auctioneers, agents, or other professionals pursuant to Section 327, 1103 or 1114 of the Code shall be made only on application of the trustee or committee. The application shall be filed and.....a copy of the application shall be transmitted by the applicant to the United States Trustee. The application shall state the specific facts showing the necessity for the employment, the name of the person to be employed, the reasons for the selection, the professional services to be rendered, any proposed arrangement for compensation, and, to the best of the applicant's knowledge, all of the person's connections with the debtor, creditors, any other party in interest, their respective attorneys and accountants, the United States Trustee, or any person employed in the Office of the United States Trustee. The application shall be accompanied by a verified statement of the person to be employed setting forth the person's connections with the debtor, creditors, or any other party in interest, their respective attorneys and accountants, the United States Trustee, or any person employed in the Office of the United States Trustee.

21. Lastly, 11 U.S.C. Section 328 provides in relevant part: "[t]he trustee, or a committee appointed under section 1102 of this title, with the court's approval, may employ or authorize the

employment of a professional person under Section 327 or 1103 of this title, as the case may be, on any reasonable terms and conditions of employment, including on a retainer, on an hourly basis, or on a contingent fee bases" See 11 U.S.C. section 328(a).

22. The Trustee contends that BSS's employment is necessary and in the best interest of the Debtor's estate.

23. The Trustee has determined that the services of BSS are needed and that the cost is warranted.

24. Section 363(b) of the Bankruptcy Code authorizes a trustee to sell assets outside of the ordinary course of business. As a general rule, a trustee must show that each of the following elements have been met before a Section 363(b) sale may be approved: (i) that a sound business reason exists for the proposed transaction; (ii) the sale has been proposed in good faith; (iii) the sale price is fair and reasonable; and (iv) that accurate and reasonable notice has been provided of the transaction. Stroud Ford, Inc. 163 B.R. 730 (Bankr. M.D. Pa. 1993). Here, the proposed sale of the Assets at the Auction meets each of these four (4) factors.

25. Courts have made it clear that a trustee's showing of a sound business justification need be exhaustive, but rather a trustee is " simply required to justify the proposed disposition with sound business reasons". In re Baldwin United Corp., 43 B.R. 898, 906 (Bankr. S.D. Ohio 1984). Whether or not there are sufficient business reasons to justify a sale depends upon the facts and circumstances of each case. Committee of Equity Security Holders vs. Lionel Corp. (In re Lionel Corp. (In re Lionel Corp.) 722 F.2d, 1063, 1071 (2d Cir. 1983); see Industrial Valley Refrig. & Air Conditioning Supplies,

Inc., 77 B.R. 15 (Bank.E.D.Pa. 1987) (adopting Lionel reasoning). When considering whether a trustee has demonstrated a sound business justification for a proposed sale of assets under Section 363(b)of the Bankruptcy Code, a court " should consider all salient factors pertaining to the proceeding". Lionel, 722 F.2d at 1071. In valuating these and other pertinent factors, the Court should bear in mind that the overriding goal is to " further the diverse interests of the debtor, creditors and equity holder, alike." Id.

26. The Trustee believes that a sale of the Asset at the Auction will realize the most cash for the Estate.

27. Accordingly, as the foregoing discussion demonstrates, the Trustee believes that a sale of the Asset to the general public at the Auction is justified by sound business reasons and is necessary to preserve and maximize the return to the creditors in this case.

28. The proposed sale process is made by the Trustee in good faith. The requirement that a purchaser act in good faith....speaks to the integrity of his conduct in the course of the sale proceedings. In re Abbotts Dairies Pennsylvania, Inc., 788 F.2d 143, 147 (3rd Cir. 1986). The Trustee is seeking the Court's approval of the Auctioneer to conduct the Auction of the Assets which will be advertised to the general public. The Auction, advertising and advertising process will ensure that purchase prices will be fair and reasonable. Thus, the Trustee believes that the sale of the Property at the Auction will result in sale prices that are fair and reasonable. Accurate and reasonable notice of the sale will be provided.

29. In accordance with Fed. R. Bankr.P. 6004 (f)(1), sales of property outside of the ordinary course of business may be by private

or by public auction. See Fed. R. Bankr. P. 6004(f)(1). Pursuant to Fed. R. Bankr. P. 6004, notice of a proposed use, sale, or lease of property required under Fed.R. 2002(a)(2) must include the time and place of any public sale, the terms and conditions of any private sale, and the time fixed for filing objections. See Fed.R.Bankr.P. 2002( c )(1). Moreover, notice of a proposed use, sale or lease of property is sufficient if it generally describes the property.

30. Section 363(f) of the Bankruptcy code provides:

> The Trustee may sell property under subsection(b) or ( c ) of this section free and clear of any interest in such property of any entity other than the estate only if:
> (1) applicable non-bankruptcy law permits sale of such property free and clear of such interest;
> (2) such entity consents;
> (3) such interest is a lien and the price at which such property is to be sold is greater than the aggregate value of all liens on such property;
> (4) such interest is in a bona fide dispute; or
> (5) such entity could be compelled, in a legal or equitable proceeding, to accept a money satisfaction of such interest.

11 U.S.C. Section 363(f).

31. Thus, the Trustee submits that the sale of the Asset at the Auction, free and clear of liens and claims satisfies the statutory prerequisites of Section 363(f) of the Bankruptcy Code. Accordingly, the Trustee seeks the entry of an Order authorizing the sale of the Assets pursuant to Section 363 of the Bankruptcy Code.

<u>Notice</u>

32. Notice of this Motion has been provided to the Debtor, through his counsel, the Office of the United States Trustee, the Debtor's creditor matrix, counsel for all parties asserting a security interest upon the Property, and all parties requesting service through the Court's ECF system. In light of the nature of the relief requested herein, the Trustee submits that no other or further notice is

necessary.

## No Prior Request

33. No prior request for the relief sought in this Motion has been made to this or any other court.

Wherefore, Trustee respectfully requests entry of an Order (I) authorizing the employment of BSS as auctioneer to conduct an action to sell the Property and (ii) granting such other and further relief as this Honorable Court deems equitable and just.

Dated: 1/7/25

By: _____
Robert H. Holber, Esquire
41 East Front Street
Media, PA 19063
(610) 565-5463
rholber@holber.com

Chapter 7 Bankruptcy Trustee