IN THE UNITED STATES BANKRUPTCY COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| IN RE: ELITE EMERGENCY SERVICES, LLC | : | CHAPTER 7 |
| | : | |
| Debtor | : | |
| | : | Bank. No. 24-14370-AMC |

TRUSTEE'S MOTION TO APPROVE SETTLEMENT AGREEMENT RESOLVING TRUSTEE'S AVOIDANCE CLAIM AGAINST TROY FLUCK AND ELIZABETH BOUCHER

Robert H. Holber, Esquire, the duly appointed and qualified Trustee ("Trustee") in this case, hereby moves (the "Motion") the Court for an Order pursuant to 11 U.S.C. §105 and Fed. R. Bankr.P.9019 approving the Settlement Agreement (the "Agreement") Resolving the Trustee's Avoidance Claim against the Estate of Elite Emergency Services, LLC, Elizabeth Boucher ("Boucher") and Troy Fluck ("Fluck"). In support of the Motion, the Trustee states as follows:

## JURISDICTION AND VENUE

1. This Court has jurisdiction over this Motion pursuant to 28 U.S.C. §§ 157 and 1334. This is a core proceeding pursuant to 28 U.S.C. §157(b). Venue in this District is proper pursuant to 28 U.S.C. §§ 1408 and 1409.

## BACKGROUND

2. On December 6, 2024 Elite Emergency Services, LLC (the "Debtor") filed a voluntary petition for relief under Chapter 7 of Title 11 of the United States Code (the "Bankruptcy Code") in the Bankruptcy Court, which case is pending at Docket No. 24-14370 -AMC (the "Bankruptcy Case).

3. The Trustee was appointed as Interim Trustee for the Debtor's estate on December 9, 2024.

4. A 341 (a) Creditors Meeting was held on and concluded on May 22, 2025.

5. After obtaining and reviewing bank statements and ta return, the Trustee alleges that: Boucher and Fluck, according to

the corporate tax return, borrowed One Hundred Six thousand Two Hundred Sixty Eight Dollars ($106,268.00) from the Debtor, and Fluck received a total of Seventy Two Thousand Three Hundred Dollars ($72,300.00) from the Debtor.

6. On or about August 25, 2025, the Trustee sent a demand letter to Boucher and Fluck seeking the avoidance/recovery of the value of the aforementioned transfers and amounts owed to the Debtor.

7. In an effort to avoid litigation that would be necessary to avoid the transfers and collect the amounts owed, the parties have now reached an amicable resolution of their issues.

8. The Trustee has concluded that the compromise and settlement is in the best interest of the unsecured creditors of the Debtor's Estate, considering inter alia, the cost, expense and delay associated with protracted litigation, the result of which is uncertain.

9. The Trustee and Defendants have agreed to resolve the Avoidance Claim by entering into the Agreement that provides for, inter alia, Defendants submitting payment to the Trustee in the amount of Forty Thousand Dollars ($40,000.00) within Ten (10) days of a final Order approving this Agreement.

10. A true and correct copy of the Agreement is attached hereto as Exhibit "A" and incorporated herein.

11. The Agreement provides for mutual releases and various remedies of default, including but not limited to the Trustee obtaining judgment against Defendants in the amount of One Hundred Seventy Eight Thousand Five Hundred Eight Dollars ($178,568.00), pursuant to the Agreement if they fail to remit payment pursuant to this Agreement, less any payments received by the Trustee under the Agreement.

12. The Trustee is satisfied that the agreement is reasonable and that there is little benefit to be gained by litigating the avoidance claim, with all the attendant costs and risks. The Trustee believes in would be in the best interest of the bankruptcy estate to settle the avoidance claim pursuant to the terms of the

Agreement.

## LEGAL ANALYSIS

13. Settlements in bankruptcy are favored as a means of minimizing litigation, expediting the administration of the bankruptcy estate, and providing for the efficient resolution of the bankruptcy case. In re Martin, 91 F.3d 389, 393 (3rd Cir. 1996). To achieve these results, Bankruptcy Rule 9019(a) empowers a bankruptcy court to approve a compromise or settlement by a trustee after notice and a hearing.

14. In applying this Rule, a bankruptcy court should approve a settlement if it is fair and equitable and is in the best interest of the estate. In re Cajun Electric Power Cooperative, Inc., 119 F.3d. 349, 355 (5th Cir. 1997). To properly make this determination, a bankruptcy judge "must assess and balance the value of the claim that is being compromised against the value to the estate of the acceptance of the compromise proposal." Id. At 356. See also Martin 91 F.3rd at 393.

15. The United States Court of Appeals for the Third Circuit has provided four criteria that a bankruptcy court must consider to approve a settlement. Specifically, the bankruptcy court must examine: (1) the probability of success in litigation; (2) the likely difficulties in collection; (3) the complexity of the litigation involved, and the expense, inconvenience and delay necessarily attending it: and (4) the paramount interest of the creditors. Martin, 91 F.3d at 393.

16. In addition to these criteria, courts have scrutinized additional factors. These additional factors include: (1) the competency and experience of counsel who support the settlement; (2) the relative benefits to be received by individuals or groups

within the class, (3) the nature and breadth of releases to be obtained by the parties to the settlement, and (4) the extent to which the settlement is the product of arm's length bargaining. In re 47-49 Charles Street, Inc., 209 B.R. 618 (S.D.N.Y. 1997); In re Spielfo Gel, 211 B.R. 133, 144 (bankr. S.D.N.Y. 1997); In re Dow Coming Corp., 198 B.R. 214, 223 (Bankr.E.D. Mich 1996).

17. The Trustee submits the standards articulated above have been met. The Agreement contemplated herein resolves the Avoidance Claim and brings needed funds into the estate, without the costs and risks of litigation.

18. For reasons set forth herein, the Trustee respectfully requests that the Court issue an Order pursuant to 11 U.S.C. § 105 and Fed.R.Bankr.P. 909 approving the Agreement annexed hereto as Exhibit "A".

WHEREFORE, the Trustee respectfully requests the entry of an Order in the form attached hereto and granting such other and further relief as is just and equitable.

Date: 9/22/25

Robert H. Holber, Esquire
41 E. Front Street
Media, PA 19063
610-565-5463

Chapter 7 Trustee