IN THE UNITED STATES BANKRUPTCY COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

IN RE: ELITE EMERGENCY SERVICES, LLC  : CHAPTER 7
                  :
        Debtor   :
                  : Bank. No. 24-14370-AMC

## SETTLEMENT AGREEMENT AND RELEASE

This Settlement Agreement and Release (this " Agreement") is entered into this   day of September, 2025, by and among Robert H. Holber, as Chapter 7 Trustee (the " Trustee") for the Estate of Elite Emergency Services, LLC, Elizabeth Boucher (" Boucher") and Troy Fluck ("Fluck") together, the " Parties" or individually, a ("Party"), and is subject to approval by the United States Bankruptcy Court for the Eastern District of Pennsylvania (the " Bankruptcy Court" or the " Court").

### RECITALS

WHEREAS, ON 6, 2024 Elite Emergency Services, LLC filed a voluntary petition for relief under Chapter 7 of Title 11 of the United States Code (the "Bankruptcy Code") in the Bankruptcy Court, which case is pending at Docket No. 24-14370AMC (the " Bankruptcy Case").

WHEREAS, the Trustee was appointed as Interim trustee for the Debtor's estate on December 9, 2024;

WHEREAS, A 341(a) Creditors Meeting was held on and concluded on May 22, 2025.

WHEREAS, after obtaining and reviewing bank statements and tax return, the Trustee alleges that: Boucher and Fluck, according to the corporate tax return, borrowed One Hundred Six Thousand Two Hundred

**EXHIBIT A**

Sixty Eight dollars ($106,268) from the Debtor, and Fluck received a total of Seventy Two Thousand Three Hundred Dollars  ($72,300.00) from the Debtor.

WHEREAS, on or about 25 , 2025, the Trustee sent a demand letter to Boucher and Fluck seeking the avoidance/recovery of the value of the aforementioned transfers and amounts owed to the Debtor.

WHEREAS, in an effort to avoid litigation that would be necessary to avoid the transfers and collect the amounts owed, the Parties have now reached an amicable resolution of their issues;

WHEREAS, the Trustee has concluded that the compromise and settlement embodied herein is in the best interests of the unsecured creditors of the Debtor's estate, considering inter alia, the cost, expense and delay associated with protracted litigation, the result of which is uncertain;

WHEREAS, the Parties desire to memorialize the terms of their settlement in this Agreement, subject to Court approval;

NOW, THEREFORE, in consideration of the payments and mutual promises, covenants, and releases set forth herein, each of the Parties, intending to be legally bound, and for good and valuable consideration, the receipt and sufficiency of which is hereby acknowledged by each of them, hereby agree as follows:

1.   <u>Incorporation</u>

a.   The recitals set forth above are incorporated herein as though fully set forth at length.

2.   <u>Compromise/Non-Admission</u>

a.   This Agreement is expressly agreed to be in compromise of disputed claims by and among the Parties and is intended to avoid

the time, cost and uncertainty of litigation. By entering into this
Agreement, the Parties do not admit to any wrongdoing and nothing
herein shall be considered an admission of liability.

**3. Payment Terms**

a.   In full and complete settlement of the issues related to
the payment of funds to Fluck and amounts owed to the Debtor from
Fluck and Boucher, Fluck and Boucher shall pay (or cause to be paid)
to the trustee the total sum of Forty Thousand Dollars ($40,000.00)
within ten (10) days of a final Order approving this Agreement.

**4. Event of Default**

a.   A failure to remit the payment due under Paragraph 3 of
this Agreement shall constitute an Event of Default under this
Agreement,

b.   The Trustee, upon Defendant's failure to remit the due
payment, may issue a notice giving Boucher and/or Fluck an additional
ten (10) days to remit the aforementioned payment.

C.   Boucher and Fluck, upon the expiration of time as noted
in Paragraphs 3 & 4, and failure to remit the amount due, shall owe
the estate the sum of One Hundred Seventy Eight Thousand Five Hundred
Sixty Eight Dollars ($178,568.00).

d.   The Trustee, may file a motion to obtain a judgment
against Defendants for the sum of One Hundred Seventy Eight Thousand
Five Hundred Sixty Eight Dollars ($178,568.00) pursuant to this
Agreement for failure to remit payment pursuant to this Agreement.

**5. Effective Date**

This agreement shall only become effective (the
"Effective Date") upon the Court's entry of a Final Order (as

defined herein), in a form and substance satisfactory to the
Parties, approving the 9019 motion (the "Approval Order").

For purposes hereof, " Final Order" shall mean an order or
judgment of the Court as to which (a) time to appeal, petition for
certiorari, or motion for re-argument or rehearing has expired and
as to which no appeal, petition for certiorari, or motion for re-
argument or rehearing shall then be pending; of (b) in the event
that an appeal, writ of certiorari, re-argument or rehearing thereof
has been sought, the appealing party, petitioner, or movant has
failed to obtain a stay order or judgment pending appeal provided,
however, that no order shall fail to be a Final Order solely because
of the possibility that a motion pursuant to Rule 60 of the Federal
Rules of Civil procedure or Rule 9024 of the Federal Rules of
Bankruptcy Procedure may be filed with respect to such order, as
long as such motion has not been actually filed.

6.   Cooperation

By executing this Agreement, the Parties agree and
acknowledge that they shall use their best efforts to obtain entry
of the Approval Order and shall take all reasonable actions and
execute such other documents as may be necessary or appropriate to
fully perform under the terms of this Agreement. By executing this
Agreement, Boucher and Fluck both specifically agree and
acknowledges that they will support the Trustee in his prosecution
of the 9019 Motion and shall use all oOf their best efforts to
assist the Trustee in obtaining the relief requesting in the 9019
Motion.

7.   **Release by Boutcher and Fluck**

Upon the occurrence of the Effective Date, Boucher,
Fluck, together with all of their successors, executors,
administrators, assigns, attorneys, employees, agents, and anyone
else acting on their behalf, shall release and forever discharge the
Trustee, Debtor's estate and any and all of their respective
successors, executors, administrators, assigns, subsidiaries,
officers, directors, attorneys, employees and agents from any and
all claims, demands, obligations, actions, causes of action,
damages, costs, losses, debts, expenses and liabilities of any kind
(based upon any legal or equitable theory, whether contractual,
common law, statutory, federal, state local or otherwise, and
including, but not limited to, claims for fees, costs and
disbursements of any kind), whether known or unknown which Boucher
and/or Fluck now have, ever had, or hereafter may have, against the
Trustee, and/or the bankruptcy estate form the beginning of time up
to and including the date of the execution of this Agreement,
arising in, in connection with, or in any way related to the
transfer of funds or amounts owed pursuant to the Debtor's tax
return or the Bankruptcy Case.

8.   **Release by the Trustee**

Except fo enforcement of the terms of this Agreement or
the obligations imposed thereunder, the Trustee, upon the later of
the (I) Effective Date of this Agreement or (ii) his receipt of
payment in full of the entire Settlement Amount, individually and on
behalf of the bankruptcy estate, releases and forever discharges

Boucher and Fluck from any and all claims, demands, obligations, actions, causes of action, damages, costs, losses, debts, expenses and liabilities of any kind (based upon any legal or equitable theory, whether contractual, common law, statutory, federal, state, local or otherwise, and including, but not limited to, claims for fees, costs, and disbursements of any kind), whether known or unknown, which the estate now has, ever had, or hereafter may have, against Boucher and Fluck from the beginning of time up to and including the date of complete payment of the Settlement Amount, arising in, in connection with, or in any way related to the transfer of funds, amounts owed pursuant to the Debtor's tax return or the Bankruptcy Case.

9. **Authority**

Each of the Parties represents and warrants that he, she, or it has the capacity and authority to enter into this Agreement.

10. **Coounterparts**

This Agreement may be executed in more than one counterpart, each of which shall be deemed an original, but all of which together shall constitute one and the same instrument.

11. **Integration**

This Agreement constitutes the complete and entire agreement and understanding of the Parties, supersedes all other prior agreements and understandings, both written and oral, among the Parties with respect to the subject matter hereof, and may not be amended except in a writing signed by each of the Parties.

12. **Enforeceability of this Agreement**

In the event any provision of this Agreement is judged, declared, held or ruled to be invalid, illegal, void or unenforceable, such provision shall be deemed severable, and it shall have no effect upon and shall not invalidate or impair the legality or enforceability of the Agreement as a whole or any other provision of the Agreement. Notwithstanding the foregoing, upon any finding by any court of competent jurisdiction that any release provided for in this Agreement is illegal, void, or unenforeceable, the Parties agree, promptly upon request of any Party hereto, to execute a release that is legal and enforceable.

13.   **Construction**

This Agreement shall be governed by and construed in accordance with the law of the Commonwealth of Pennsylvania, excluding its conflict of law rules. For purposes of construction, this Agreement shall be deemed to have been jointly drafted by the respective parties, each of whom has cooperated in the drafting and preparation of this Agreement, and the rule of construction of contracts that ambiguities are construed against the drafting party shall not be applied against any Party hereto.

14.   **Successors and Assigns**

Except as specifically provided herein, this Agreement is not intended to and shall not confer upon any other person any rights or remedies hereunder or otherwise with respect to the subject matter hereof. Notwithstanding the preceding language, this Agreement shall be binding upon and inure to the benefit of the Parties and their respective heirs, executors, administrators,

successors and assigns,

15.   <u>No Intend Third-Party Beneficiary</u>

     Except as specifically provided herein, the Parties hereto acknowledge and agree that the rights and interests of the Parties under this Agreement are intended to benefit solely the Parties to this Agreement.

16.   <u>Representations and Waranties</u>

     Each Party represents and warrants that he, she or it has carefully read this Agreement in its entirety; that he, she or it has had an adequate opportunity to consider it and to consult with any advisor of his/her/its choice about it; that he/she/it understands all of its terms; that to the extend he/she/it has consulted with independent counsel of his/her/its choice, such counsel answered to his/her/its satisfaction all questions that he/she/it had regarding this Agreement, that his/her/its undersigned representative is duly authorized to enter in this Agreement on his/her/its behalf; that he/she/it voluntarily assents to all of the terms and conditions contained herein; that by signed this Agreement he/she/it is bound by the terms and conditions contained herein; that by signed this Agreement he/she/it is bound by the terms and conditions contained herein; and that he/she/it is signing this Agreement voluntarily and of his/her/its own free will.

     The Parties fully understand that if the facts with respect to which they have executed this Agreement are found hereafter to be different from the facts now believe by them to be true, they each expressly accept and assume the risk of such possible differences in

facts and agree that this Agreement shall remain effective
notwithstanding such differences,

   17. **Headings**

      The section headings contained in this Agreement are
intended to be descriptive only, and in no way constitute a
limitation upon or interpretation of the terms of this Agreement
contained hereunder.

By: _____     Date: 5/18/25
   Robert H. Holber
   Chapter 7 Trustee

By: _____     Date: 9-17-25
   Elizabeth Boucher

By: _____     Date: 9-17-25
   Troy Fluck