IN THE UNITED STATES BANKRUPTCY COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| In re:<br><br>Elite Emergency Services LLC<br><br>Debtor | Chapter 7<br><br>Case No. 24-14370- amc<br><br>**Hearing Date: April 8, 2026 at 12:30 p.m. (EDT)** |

### NOTICE OF CREDITOR CITIZENS BANK, N.A.'S OBJECTION TO CHAPTER 7 TRUSTEE'S FINAL REPORT

PLEASE TAKE NOTICE that upon the annexed Memorandum of Law, and upon all prior proceedings, pleadings, and filings in this action, Creditor Citizens Bank, N.A. ("Citizens"), hereby objects to the Trustee's Final Report and proposed distribution, and requests an Order sustaining Citizens' objection with respect to the Trustee's Final Report and proposed distribution, and for such further relief as the Court deems just and proper.

Dated: February 12, 2026        By:  _/s/ Kristen Wetzel Ladd_____

Kristen Wetzel Ladd, Esquire

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| In re:<br><br>Elite Emergency Services LLC<br><br>Debtor | Chapter 7<br><br>Case No. 24-14370- amc<br><br>**Hearing Date: April 8, 2026 at 12:30 p.m. (EDT)** |

**MEMORANDUM OF LAW IN SUPPORT OF CREDITOR CITIZENS BANK, N.A.'S OBJECTION TO CHAPTER 7 TRUSTEE'S FINAL REPORT AND PROPOSED DISTRIBUTION**

**PRELIMINARY STATEMENT**

Citizens is a creditor of the Debtor pursuant to a Term Note dated January 18, 2023, by Elite Emergency Services LLC in the original principal sum of $75,000.00 (the "Note"). The Note was secured by a first lien and security interest in all business assets of the Debtor. Citizens filed a secured proof of claim in this case (Claim No. 4) and attached a copy of the Note and the filed UCC Financing Statement to the proof of claim. Citizens claimed that as of February 13, 2025, a total of $55,524.62 plus continuing interest from February 13, 2025 at the per diem of $16.51725, and continuing legal fees and costs, was due from the Debtor under the Note. Citizens' proof of claim was not objected to by any party and therefore is an allowed claim. The proof of claim contained a statement that Citizens reserved the right to amend, supplement and/or modify its Proof of Claim.

Citizens cooperated with the Trustee throughout this case, including providing bank statements of the Debtor and copies of checks, as requested by the Trustee. Citizens and the Trustee also reached an agreement in March, 2025, to sell the business assets of the Debtor in the bankruptcy case and split the net proceeds. It was believed at that time that the business assets

were worth approximately $20,000, according to the Debtor's schedules. Citizens intended to amend its claim after the sale took place to account for the deficiency that would still remain.

Citizens' counsel followed up with the Trustee in June, 2025, inquiring about the status of the sale of the business assets. The Trustee responded stating that it would be at least six (6) months before any monies were distributed. Citizens did not receive any further update on the sale of business assets until the Trustee filed his Final Report and Proposed Distribution on February 6, 2026. Although there is $48,169.37 for distribution, the proposed distribution to Citizens is $0.00 as the holder of a secured claim.

Citizens' counsel called the Trustee after the filing of the Final Report and learned for the first time that the Trustee did not intend to pursue a sale of the business assets, and intended to abandon them, as the assets were found to have little to no value. The Trustee had not so advised Citizens until after filing the Final Report.

Citizens has subsequently amended its proof of claim accordingly, to an unsecured proof of claim, and should be permitted to share in the distribution for unsecured creditors.

## STATEMENT OF FACTS

The relevant facts are summarized below.

On December 6, 2024, the Debtor filed a voluntary petition with the Court under Chapter 7 of title 11, United States Code.

On February 18, 2025, Citizens filed its proof of claim as a secured claim of $55,524.62 plus continuing interest from February 13, 2025 at the per diem of $16.51725, and continuing legal fees and costs.

On February 28, 2025, the Trustee contacted Citizens to inquire about certain items including the sale of the business assets in the bankruptcy with a split of the net proceeds

between Citizens and the Trustee.  A true and correct copy of the February 28, 2025 email is attached hereto as Exhibit A.

On March 13, 2025, the Trustee again contacted Citizens to inquire about the sale of the business assets and stated that he had an interested party to purchase the assets.  A true and correct copy of the March 13, 2025 email is attached hereto as Exhibit B.

On March 18, 2025, Citizens responded to the Trustee agreeing to the sale of the business assets in the bankruptcy with a split of the net proceeds between Citizens and the Trustee.  A true and correct copy of the March 18, 2025 email is attached hereto as Exhibit C.

On June 20, 2025, Citizens contacted the Trustee to inquire about the status of the sale of the business assets.  A true and correct copy of the June 20, 2025 email is attached hereto as Exhibit D.

On June 23, 2025, the Trustee responded to Citizens stating that it would be at least 6 months before any monies were distributed.  A true and correct copy of the June 23, 2025 email is attached hereto as Exhibit E.

On February 6, 2026, the Trustee filed his Final Report and Proposed Distribution.  Although there is $48,169.37 for distribution, the proposed distribution to Citizens is $0.00 as the holder of a secured claim.

Citizens' counsel called the Trustee after the filing of the Final Report and learned for the first time that the Trustee did not intend to pursue a sale of the business assets, and intended to abandon them, as the assets were found to have little to no value.  The Trustee had not so advised Citizens until after filing the Final Report.

On February 10, 2026, Citizens amended its proof of claim accordingly, to an unsecured proof of claim.

**ARGUMENT**

Based on the clear language of section 506(a) of the Bankruptcy Code, a creditor can have a security interest but, for the purposes of a bankruptcy case, be an unsecured creditor because the collateral is worth less than the claim. *See Lane v. Western Interstate Bancorp (In re Lane),* 280 F.3d 663, 664 (6th Cir.2002) ("Whether a lienholder has a 'secured claim' or an 'unsecured claim,' in the sense in which those terms are used in the bankruptcy code, depends on whether the lienholder's interest in the collateral has economic value."); *see also Zimmer v. PSB Lending Corp. (In re Zimmer),* 313 F.3d 1220, 1222–23 (9th Cir.2002), *In re Baker,* 300 B.R. 639, 643 (Bankr.W.D.Pa.2003) (J. Markovitz); see also *In re Vybiral,* No. 09-25197-GLT, 2014 WL 4997336, at *3 (Bankr. W.D. Pa. Oct. 7, 2014).

At the time a secured creditor must file its claim, the creditor may not know the real value of its security or even whether it still exists. The creditor only knows that, according to its documents, the creditor is *entitled* to some security for its debt. *In re Spurling*, 391 B.R. 783, 788 (Bankr. E.D. Tenn. 2008). In a chapter 7 case, a secured creditor has no reason to file a claim other than to cover any deficiency that might arise upon foreclosure of the security, so the fact that a secured claim has been filed in a chapter 7 case implies and foreshadows the possibility of a deficiency claim. *In re Spurling*, 391 B.R. 783, 788 (Bankr. E.D. Tenn. 2008).

Once a timely claim has been filed, there is no absolute bar to filing an amended proof of claim if it is not a new claim disguised as an amended claim. *In re ABS Ventures, Inc.*, 523 B.R. 443, 447 (Bankr. M.D. Pa. 2014)(amended claim permitted in a Chapter 7 bankruptcy case due to lack of prejudice to the estate, even though creditor negligently delayed amending its claim). Amendments to timely proofs of claim are liberally allowed and may relate back to the initial

filing if filed after the bar date, but will not be permitted if they actually constitute new claims. *See In re Metro Transportation Co.,* 117 B.R. 143, 147 (Bankr.E.D.Pa.1990).

The considerations for allowing amendments in all bankruptcy proceedings are analogous to the general considerations for allowing amendments of pleadings in federal practice. *In re Hanscom Retail Foods, Inc.,* 96 B.R. 33, 36 (Bankr.E.D.Pa.1988). In all proceedings, then, the decision to allow or deny an amendment to a timely proof of claim is committed to the "court's sound discretion." *Interface Group–Nevada v. Trans World Airlines, Inc. (In re Trans World Airlines, Inc.),* 145 F.3d 124, 141 (3d Cir.1998). Such amendments are to be liberally allowed absent prejudice to the debtor or for other equitable reasons. *In re Trans World Airlines, Inc.,* 145 F.3d at 141; *In re Hibble,* 371 B.R. 730, 737 (Bankr.E.D.Pa.2007) (indicating a requirement of reservation of rights in order to amend a claim which relates back to the initial claim date.); see also *In re Washington,* 420 B.R. 643, 645 (Bankr. W.D. Pa. 2009) (amendment to proof of claim permitted to designate which portion of claim was arrears).

In this case, Citizens reserved its right to amend or modify its proof of claim, and has accordingly done so immediately after learning that the assets that allegedly secured its debt are essentially worthless. The claim amount has not changed, and the underlying transaction giving rise to the claim has not changed. As in *In re Spurling, supra.,* the parties to this case have been on notice since the filing of Citizens' claim that there may be an unsecured deficiency claim. Therefore, the Citizens' amended claim relates back to its initial claim, and should be permitted.

Moreover, there is no prejudice to the Debtor or Trustee in allowing Citizens to amend its claim to an unsecured claim. The Trustee has not made any distribution of funds at this time, and the amendment of Citizens' claim will only necessitate a simple recalculation of the proposed distribution.

Finally, equity demands that Citizens be permitted to share in the distribution to creditors in this case. Otherwise, Citizens will receive zero payment from the Trustee, and will also not be able to be made whole by business assets which are worthless. Such a result would leave Citizens with no avenue for recovery from the Debtor.

## CONCLUSION

Wherefore, for all of the above reasons, Creditor Citizens Bank, N.A.'s objection to the Trustee's Final Report and proposed distribution should be sustained, and Citizens' amendment to its claim should be allowed.

Dated: February 12, 2026          By: _____
                                      Kristen Wetzel Ladd, Esquire

**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

In re:

Elite Emergency Services LLC

Debtor

Chapter 7

Case No. 24-14370- amc

**Hearing Date: April 8, 2026 at 12:30 p.m. (EDT)**

## CERTIFICATE OF SERVICE

I, Kristen Wetzel Ladd, hereby certify that on this 12th day of February, 2026, a true and correct copy of Citizens Bank's Objection to Trustee's Final Report and Proposed Distribution was sent via electronic filing or United States First Class mail, prepaid, to the following:

Albert and Stephanie Abel
1313 N 26th Street
Philadelphia, PA 19118

City of Philadelphia Law Department
Tax Litigation & Collections Unit
Bankruptcy Division, MSB
1401 John F. Kennedy Blvd., 5th Floor
Philadelphia, PA 19102-1595

Internal Revenue Service
Centralized Insolvency Operation
PO Box 7346
Philadelphia, PA 19101-7346

| | |
|---|---|
| Elite Emergency Services, LLC<br>8362 State Rd Ste E<br>Philadelphia, PA 19136-2932 | Michael A. Cibik, Esq.<br>Cibik Law, P.C.<br>1500 Walnut Street<br>Suite 900<br>Philadelphia, PA 19102 |
| Robert H. Holber, Esq.<br>Robert H. Holber PC<br>41 East Front Street<br>Media, PA 19063<br>(610) 565-5463 | Eliza Garifullina, Esq.<br>Orlans Law Group<br>200 Eagle Road<br>Suite 120<br>Wayne, PA 19087 |
| U.S. Trustee<br>United States Trustee<br>Office of United States Trustee<br>Robert N.C. Nix Federal Building<br>900 Market Street<br>Suite 320<br>Philadelphia, PA 19107<br>(215)597-4411 | Dean E. Weisgold, Esq.<br>1835 Market Street, Suite 1215<br>Philadelphia, PA 19103 |

UNRUH, TURNER, BURKE & FREES, P.C.

Dated: February 12, 2026        /s/ Kristen Wetzel Ladd
                                Kristen Wetzel Ladd, Esquire