United States Bankruptcy Court
Eastern District of Pennsylvania

In re:                                                                          Case No. 24-14370-amc
Elite Emergency Services, LLC                                                   Chapter 7
    Debtor

# CERTIFICATE OF NOTICE

District/off: 0313-2      User: admin      Page 1 of 2
Date Rcvd: Feb 13, 2026      Form ID: pdf901      Total Noticed: 23

The following symbols are used throughout this certificate:

| Symbol | Definition |
|---|---|
| + | Addresses marked '+' were corrected by inserting the ZIP, adding the last four digits to complete the zip +4, or replacing an incorrect ZIP. USPS regulations require that automation-compatible mail display the correct ZIP. |
| ^ | Addresses marked '^' were sent via mandatory electronic bankruptcy noticing pursuant to Fed. R. Bank. P. 9036. |

**Notice by first class mail was sent to the following persons/entities by the Bankruptcy Noticing Center on Feb 15, 2026:**

| Recip ID | | Recipient Name and Address |
|---|---|---|
| db | | Elite Emergency Services, LLC, 8362 State Rd Ste E, Philadelphia, PA 19136-2932 |
| NONE | | Barry B Slosberg, Alan B. LeCoff, 3455 Edgemont Street, Philadelphia, PA 19134 |
| cr | | Citizens Bank, N.A., 8362 STATE RD, Short Hills, NJ 07078 |
| intp | + | c/o Dean Weisgold, E Capitol Adjustment, LLC, 1835 Market Street, Suite 1215, Philadelphia, PA 19103-2912 |
| 14958263 | + | Albert and Stephanie Abel, 1313 N 26th Street, Philadelphia, PA 19121-4603 |
| 14968294 | + | Capitol Adjustment, LLC, c/o Dean E. Weisgold Esquire, 1835 Market Street, Suite 1215, Philadelphia, PA 19103-2912 |
| 14979503 | | Citizens Bank, N.A., c/o Kristen Wetzel Ladd, Esquire, Unruh, Turner, Burke & Frees, P.O. Box 515, West Chester, PA 19381-0515 |
| 14958269 | | Pennsylvania Attorney General, 16th Floor, Strawberry Square, Harrisburg, PA 17120-0001 |
| 14958272 | | Philadelphia Municipal Court, Traffic Division, 800 Spring Garden St, Philadelphia, PA 19123-2616 |
| 14958275 | | U.S. Department of Justice, Attorney General, PO Box 683, Washington, DC 20044-0683 |
| 14958276 | + | Vincent N. Melchiorre, 1518 Walnut Street Suite 906, Philadelphia, PA 19102-3405 |

TOTAL: 11

**Notice by electronic transmission was sent to the following persons/entities by the Bankruptcy Noticing Center.**
Electronic transmission includes sending notices via email (Email/text and Email/PDF), and electronic data interchange (EDI). Electronic transmission is in Eastern Standard Time.

| Recip ID | | Notice Type: Email Address | Date/Time | Recipient Name and Address |
|---|---|---|---|---|
| cr | + | Email/PDF: acg.acg.ebn@aisinfo.com | Feb 14 2026 00:23:11 | Ally Bank c/o AIS Portfolio Services, LLC, 4515 N Santa Fe Ave. Dept. APS, Oklahoma City, OK 73118-7901 |
| 14958264 | + | Email/Text: ally@ebn.phinsolutions.com | Feb 14 2026 00:16:00 | Ally, PO Box 380902, Minneapolis, MN 55438-0902 |
| 14959075 | + | Email/PDF: acg.acg.ebn@aisinfo.com | Feb 14 2026 00:23:01 | Ally Bank, AIS Portfolio Services, LLC, 4515 N Santa Fe Ave. Dept. APS, Oklahoma City, OK 73118-7901 |
| 14958265 | | Email/Text: Bankruptcy.RI@Citizensbank.com | Feb 14 2026 00:16:00 | Citizens Bank N.A., 1 Citizens Bank Way, JCA115, Johnston, RI 02919-1922 |
| 14958266 | | Email/Text: megan.harper@phila.gov | Feb 14 2026 00:16:00 | City of Philadelphia, c/o City of Philadelphia, Municipal Services Building, 1401 John F Kennedy Blvd Fl 5, Philadelphia, PA 19102-1617 |
| 14967611 | | Email/Text: megan.harper@phila.gov | Feb 14 2026 00:16:00 | City of Philadelphia Law Department, Tax Litigation & Collections Unit, Bankruptcy Division, MSB, 1401 John F. Kennedy Blvd., 5th Floor, Philadelphia, PA 19102-1595 |
| 14958267 | | Email/Text: bankruptcy@philapark.org | Feb 14 2026 00:16:00 | City of Philadelphia, Parking Violation Branch, PO Box 41819, Philadelphia, PA 19101-1819 |
| 14958268 | | Email/Text: sbse.cio.bnc.mail@irs.gov | Feb 14 2026 00:16:00 | Internal Revenue Service, Centralized Insolvency Operation, PO Box 7346, Philadelphia, PA 19101-7346 |
| 14958270 | | Email/Text: RVSVCBICNOTICE1@state.pa.us | Feb 14 2026 00:16:00 | Pennsylvania Department of Revenue, Bankruptcy Division, 1 Revenue Pl, Harrisburg, PA 17129-0001 |
| 14958271 | ^ | MEBN | Feb 14 2026 00:11:25 | Pennsylvania Office of General Counsel, 333 |

| District/off: 0313-2 | User: admin | Page 2 of 2 |
|---|---|---|
| Date Rcvd: Feb 13, 2026 | Form ID: pdf901 | Total Noticed: 23 |

| | | | |
|---|---|---|---|
| 14958273 | Email/Text: bankruptcy@philapark.org | Feb 14 2026 00:16:00 | Philadelphia Parking Authority, Bankruptcy Department, 701 Market St, Philadelphia, PA 19106-1538 Market St Fl 17, Harrisburg, PA 17101-2210 |
| 14958274 | Email/Text: usapae.bankruptcynotices@usdoj.gov | Feb 14 2026 00:16:00 | U.S. Attorney, Eastern District of Pa., 615 Chestnut St Ste 1250, Philadelphia, PA 19106-4404 |

TOTAL: 12

## BYPASSED RECIPIENTS

The following addresses were not sent this bankruptcy notice due to an undeliverable address, *duplicate of an address listed above, *P duplicate of a preferred address, or ## out of date forwarding orders with USPS.

NONE

## NOTICE CERTIFICATION

I, Gustava Winters, declare under the penalty of perjury that I have sent the attached document to the above listed entities in the manner shown, and prepared the Certificate of Notice and that it is true and correct to the best of my information and belief.

Meeting of Creditor Notices only (Official Form 309): Pursuant to Fed .R. Bank. P.2002(a)(1), a notice containing the complete Social Security Number (SSN) of the debtor(s) was furnished to all parties listed. This official court copy contains the redacted SSN as required by the bankruptcy rules and the Judiciary's privacy policies.

Date: Feb 15, 2026        Signature:    /s/Gustava Winters

---

## CM/ECF NOTICE OF ELECTRONIC FILING

The following persons/entities were sent notice through the court's CM/ECF electronic mail (Email) system on February 12, 2026 at the address(es) listed below:

**Name**    **Email Address**

DEAN E. WEISGOLD
   on behalf of Interested Party c/o Dean Weisgold  E Capitol Adjustment, LLC dean@weisgoldlaw.com, 2rainman@comcast.net

ELIZA GARIFULLINA
   on behalf of Creditor Ally Bank ANHSOrlans@InfoEx.com

ELIZA GARIFULLINA
   on behalf of Debtor Elite Emergency Services  LLC ANHSOrlans@InfoEx.com

KRISTEN WETZEL LADD
   on behalf of Creditor Citizens Bank  N.A. kladd@utbf.com, ddays@utbf.com

MICHAEL A. CIBIK
   on behalf of Debtor Elite Emergency Services  LLC help@cibiklaw.com, noreply01@cibiklaw.com;noreply02@cibiklaw.com;noreply03@cibiklaw.com;noreply04@cibiklaw.com;noreply05@cibiklaw.com;cibiklawpc@jubileebk.net;cibiklaw@recap.email;ecf@casedriver.com

ROBERT H. HOLBER
   trustee@holber.com  rholber@ecf.axosfs.com

ROBERT H. HOLBER
   on behalf of Trustee ROBERT H. HOLBER trustee@holber.com  rholber@ecf.axosfs.com

ROBERT H. HOLBER
   on behalf of Barry B Slosberg trustee@holber.com  rholber@ecf.axosfs.com

United States Trustee
   USTPRegion03.PH.ECF@usdoj.gov

TOTAL: 9

**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

| | |
|---|---|
| In re:<br><br>Elite Emergency Services LLC<br><br>Debtor | Chapter 7<br><br>Case No. 24-14370- amc<br><br>**Hearing Date: April 8, 2026 at 12:30 p.m. (EDT)** |

**NOTICE OF CREDITOR CITIZENS BANK, N.A.'S OBJECTION TO**
**CHAPTER 7 TRUSTEE'S FINAL REPORT**

PLEASE TAKE NOTICE that upon the annexed Memorandum of Law, and upon all prior proceedings, pleadings, and filings in this action, Creditor Citizens Bank, N.A. ("Citizens"), hereby objects to the Trustee's Final Report and proposed distribution, and requests an Order sustaining Citizens' objection with respect to the Trustee's Final Report and proposed distribution, and for such further relief as the Court deems just and proper.

Dated: February 12, 2026          By: _____
                                       Kristen Wetzel Ladd, Esquire

**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

| | |
|---|---|
| In re:<br><br>Elite Emergency Services LLC<br><br>Debtor | Chapter 7<br><br>Case No. 24-14370- amc<br><br>**Hearing Date: April 8, 2026 at 12:30 p.m. (EDT)** |

**MEMORANDUM OF LAW IN SUPPORT OF CREDITOR CITIZENS BANK, N.A.'S
OBJECTION TO CHAPTER 7 TRUSTEE'S FINAL REPORT
AND PROPOSED DISTRIBUTION**

**PRELIMINARY STATEMENT**

Citizens is a creditor of the Debtor pursuant to a Term Note dated January 18, 2023, by Elite Emergency Services LLC in the original principal sum of $75,000.00 (the "Note"). The Note was secured by a first lien and security interest in all business assets of the Debtor. Citizens filed a secured proof of claim in this case (Claim No. 4) and attached a copy of the Note and the filed UCC Financing Statement to the proof of claim. Citizens claimed that as of February 13, 2025, a total of $55,524.62 plus continuing interest from February 13, 2025 at the per diem of $16.51725, and continuing legal fees and costs, was due from the Debtor under the Note. Citizens' proof of claim was not objected to by any party and therefore is an allowed claim. The proof of claim contained a statement that Citizens reserved the right to amend, supplement and/or modify its Proof of Claim.

Citizens cooperated with the Trustee throughout this case, including providing bank statements of the Debtor and copies of checks, as requested by the Trustee. Citizens and the Trustee also reached an agreement in March, 2025, to sell the business assets of the Debtor in the bankruptcy case and split the net proceeds. It was believed at that time that the business assets

were worth approximately $20,000, according to the Debtor's schedules. Citizens intended to amend its claim after the sale took place to account for the deficiency that would still remain.

Citizens' counsel followed up with the Trustee in June, 2025, inquiring about the status of the sale of the business assets. The Trustee responded stating that it would be at least six (6) months before any monies were distributed. Citizens did not receive any further update on the sale of business assets until the Trustee filed his Final Report and Proposed Distribution on February 6, 2026. Although there is $48,169.37 for distribution, the proposed distribution to Citizens is $0.00 as the holder of a secured claim.

Citizens' counsel called the Trustee after the filing of the Final Report and learned for the first time that the Trustee did not intend to pursue a sale of the business assets, and intended to abandon them, as the assets were found to have little to no value. The Trustee had not so advised Citizens until after filing the Final Report.

Citizens has subsequently amended its proof of claim accordingly, to an unsecured proof of claim, and should be permitted to share in the distribution for unsecured creditors.

## STATEMENT OF FACTS

The relevant facts are summarized below.

On December 6, 2024, the Debtor filed a voluntary petition with the Court under Chapter 7 of title 11, United States Code.

On February 18, 2025, Citizens filed its proof of claim as a secured claim of $55,524.62 plus continuing interest from February 13, 2025 at the per diem of $16.51725, and continuing legal fees and costs.

On February 28, 2025, the Trustee contacted Citizens to inquire about certain items including the sale of the business assets in the bankruptcy with a split of the net proceeds

between Citizens and the Trustee. A true and correct copy of the February 28, 2025 email is attached hereto as Exhibit A.

On March 13, 2025, the Trustee again contacted Citizens to inquire about the sale of the business assets and stated that he had an interested party to purchase the assets. A true and correct copy of the March 13, 2025 email is attached hereto as Exhibit B.

On March 18, 2025, Citizens responded to the Trustee agreeing to the sale of the business assets in the bankruptcy with a split of the net proceeds between Citizens and the Trustee. A true and correct copy of the March 18, 2025 email is attached hereto as Exhibit C.

On June 20, 2025, Citizens contacted the Trustee to inquire about the status of the sale of the business assets. A true and correct copy of the June 20, 2025 email is attached hereto as Exhibit D.

On June 23, 2025, the Trustee responded to Citizens stating that it would be at least 6 months before any monies were distributed. A true and correct copy of the June 23, 2025 email is attached hereto as Exhibit E.

On February 6, 2026, the Trustee filed his Final Report and Proposed Distribution. Although there is $48,169.37 for distribution, the proposed distribution to Citizens is $0.00 as the holder of a secured claim.

Citizens' counsel called the Trustee after the filing of the Final Report and learned for the first time that the Trustee did not intend to pursue a sale of the business assets, and intended to abandon them, as the assets were found to have little to no value. The Trustee had not so advised Citizens until after filing the Final Report.

On February 10, 2026, Citizens amended its proof of claim accordingly, to an unsecured proof of claim.

**ARGUMENT**

Based on the clear language of section 506(a) of the Bankruptcy Code, a creditor can have a security interest but, for the purposes of a bankruptcy case, be an unsecured creditor because the collateral is worth less than the claim. *See Lane v. Western Interstate Bancorp (In re Lane),* 280 F.3d 663, 664 (6th Cir.2002) ("Whether a lienholder has a 'secured claim' or an 'unsecured claim,' in the sense in which those terms are used in the bankruptcy code, depends on whether the lienholder's interest in the collateral has economic value."); *see also Zimmer v. PSB Lending Corp. (In re Zimmer),* 313 F.3d 1220, 1222–23 (9th Cir.2002), *In re Baker,* 300 B.R. 639, 643 (Bankr.W.D.Pa.2003) (J. Markovitz); see also *In re Vybiral,* No. 09-25197-GLT, 2014 WL 4997336, at *3 (Bankr. W.D. Pa. Oct. 7, 2014).

At the time a secured creditor must file its claim, the creditor may not know the real value of its security or even whether it still exists. The creditor only knows that, according to its documents, the creditor is *entitled* to some security for its debt. *In re Spurling*, 391 B.R. 783, 788 (Bankr. E.D. Tenn. 2008). In a chapter 7 case, a secured creditor has no reason to file a claim other than to cover any deficiency that might arise upon foreclosure of the security, so the fact that a secured claim has been filed in a chapter 7 case implies and foreshadows the possibility of a deficiency claim. *In re Spurling*, 391 B.R. 783, 788 (Bankr. E.D. Tenn. 2008).

Once a timely claim has been filed, there is no absolute bar to filing an amended proof of claim if it is not a new claim disguised as an amended claim. *In re ABS Ventures, Inc.*, 523 B.R. 443, 447 (Bankr. M.D. Pa. 2014)(amended claim permitted in a Chapter 7 bankruptcy case due to lack of prejudice to the estate, even though creditor negligently delayed amending its claim). Amendments to timely proofs of claim are liberally allowed and may relate back to the initial

filing if filed after the bar date, but will not be permitted if they actually constitute new claims. *See In re Metro Transportation Co.,* 117 B.R. 143, 147 (Bankr.E.D.Pa.1990).

The considerations for allowing amendments in all bankruptcy proceedings are analogous to the general considerations for allowing amendments of pleadings in federal practice. *In re Hanscom Retail Foods, Inc.,* 96 B.R. 33, 36 (Bankr.E.D.Pa.1988). In all proceedings, then, the decision to allow or deny an amendment to a timely proof of claim is committed to the "court's sound discretion." *Interface Group–Nevada v. Trans World Airlines, Inc. (In re Trans World Airlines, Inc.),* 145 F.3d 124, 141 (3d Cir.1998). Such amendments are to be liberally allowed absent prejudice to the debtor or for other equitable reasons. *In re Trans World Airlines, Inc.,* 145 F.3d at 141; *In re Hibble,* 371 B.R. 730, 737 (Bankr.E.D.Pa.2007) (indicating a requirement of reservation of rights in order to amend a claim which relates back to the initial claim date.); see also *In re Washington,* 420 B.R. 643, 645 (Bankr. W.D. Pa. 2009) (amendment to proof of claim permitted to designate which portion of claim was arrears).

In this case, Citizens reserved its right to amend or modify its proof of claim, and has accordingly done so immediately after learning that the assets that allegedly secured its debt are essentially worthless. The claim amount has not changed, and the underlying transaction giving rise to the claim has not changed. As in *In re Spurling, supra.,* the parties to this case have been on notice since the filing of Citizens' claim that there may be an unsecured deficiency claim. Therefore, the Citizens' amended claim relates back to its initial claim, and should be permitted.

Moreover, there is no prejudice to the Debtor or Trustee in allowing Citizens to amend its claim to an unsecured claim. The Trustee has not made any distribution of funds at this time, and the amendment of Citizens' claim will only necessitate a simple recalculation of the proposed distribution.

Finally, equity demands that Citizens be permitted to share in the distribution to creditors in this case. Otherwise, Citizens will receive zero payment from the Trustee, and will also not be able to be made whole by business assets which are worthless. Such a result would leave Citizens with no avenue for recovery from the Debtor.

## CONCLUSION

Wherefore, for all of the above reasons, Creditor Citizens Bank, N.A.'s objection to the Trustee's Final Report and proposed distribution should be sustained, and Citizens' amendment to its claim should be allowed.

Dated: February 12, 2026    By: _____
                                Kristen Wetzel Ladd, Esquire

# IN THE UNITED STATES BANKRUPTCY COURT
# FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| In re:<br><br>Elite Emergency Services LLC<br><br>Debtor | Chapter 7<br><br>Case No. 24-14370- amc<br><br>**Hearing Date: April 8, 2026 at 12:30 p.m. (EDT)** |

## CERTIFICATE OF SERVICE

I, Kristen Wetzel Ladd, hereby certify that on this 12th day of February, 2026, a true and correct copy of Citizens Bank's Objection to Trustee's Final Report and Proposed Distribution was sent via electronic filing or United States First Class mail, prepaid, to the following:

Albert and Stephanie Abel
1313 N 26th Street
Philadelphia, PA 19118

City of Philadelphia Law Department
Tax Litigation & Collections Unit
Bankruptcy Division, MSB
1401 John F. Kennedy Blvd., 5th Floor
Philadelphia, PA 19102-1595

Internal Revenue Service
Centralized Insolvency Operation
PO Box 7346
Philadelphia, PA 19101-7346

| | |
|---|---|
| Elite Emergency Services, LLC<br>8362 State Rd Ste E<br>Philadelphia, PA 19136-2932 | Michael A. Cibik, Esq.<br>Cibik Law, P.C.<br>1500 Walnut Street<br>Suite 900<br>Philadelphia, PA 19102 |
| Robert H. Holber, Esq.<br>Robert H. Holber PC<br>41 East Front Street<br>Media, PA 19063<br>(610) 565-5463 | Eliza Garifullina, Esq.<br>Orlans Law Group<br>200 Eagle Road<br>Suite 120<br>Wayne, PA 19087 |
| U.S. Trustee<br>United States Trustee<br>Office of United States Trustee<br>Robert N.C. Nix Federal Building<br>900 Market Street<br>Suite 320<br>Philadelphia, PA 19107<br>(215)597-4411 | Dean E. Weisgold, Esq.<br>1835 Market Street, Suite 1215<br>Philadelphia, PA  19103 |

UNRUH, TURNER, BURKE & FREES, P.C.

Dated: February 12, 2026

/s/ *Kristen Wetzel Ladd*
Kristen Wetzel Ladd, Esquire